**Stanley SAWKOW, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 14048.**

United States Court of Appeals
Third Circuit.

Argued Dec. 3, 1962.

Decided Jan. 29, 1963.

Rehearing Denied March 26, 1963.

Seymour Margulies, Jersey City, N. J. (Levy, Lemken & Margulies, by Seymour Margulies, Jersey City, N. J., on the brief), for petitioner.

Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa. (Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., on the brief), for respondent.

Before BIGGS, Chief Judge, STALEY, Circuit Judge, and LEAHY, District Judge.

STALEY, Circuit Judge.

Petitioner has been ordered deported by the Board of Immigration Appeals. The order is based on the Board's conclusion that he is an alien who subsequent to his entry into this country was convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. 8 U.S.C.A. § 1251(a) (4).

The original deportation charges were preferred against the alien on August 10, 1960, but due to various adjournments and a reopening of the proceedings, the hearing giving rise to this petition did not take place until September 27, 1961. In the interim various additional charges were lodged by the respondent, but for the purposes of this petition we are concerned with only four charges in all. We deem it advisable at this point to outline the New Jersey criminal actions which formed the basis for them.

(1) Indictment No. 27–59 (robbery of the person on February 13, 1959).

(2) Accusation 85–60 (robbery of the person on February 13, 1959).

(3) Indictment No. 30–58 (receipt of stolen automobile on July 17, 1958).

(4) Indictment No. 31–58 (theft of automobile on July 18, 1958).

The record reveals that with respect to (1) petitioner was sentenced on April 14, 1960, following his plea of *non vult*.[1] However, on November 2, 1960, the sentencing judge vacated this plea together with the sentence which he had imposed. This was done pursuant to N.J.R.R. 3:7–10(a), which provides:

"A motion to withdraw a plea of guilty or of *nolo contendere* or of *non vult*, may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice, the court, after sentence, may set aside the judgment of conviction and permit the defendant to withdraw his plea."

On February 20, 1961, the state prosecuting officials filed (2), charging petitioner with the same overt act. On March 30, 1961, he was sentenced on his plea of *non vult* to this accusation, the state court making a specific recommendation that he should not be deported. On the same day the indictment for (1) was dismissed. With respect to (3) and (4), sentences to concurrent indeterminate terms at the New Jersey State Reformatory followed similar *non vult* pleas and were suspended.

The special inquiry officer reasoned that because the state court had jurisdiction both to set aside the judgment of conviction on (1) and to thereafter dismiss the proceedings, this charge could not be used as a basis for deportation. He reached the same conclusion with respect to (2) because he found that the recommendation against deportation was binding.[2] The officer further held that the respondent had failed to introduce

substantial evidence to meet its burden of proof that the crimes charged in (3) and (4) did not arise out of a single scheme of criminal misconduct. On appeal the Board found that the purpose of the state court in vacating the plea and conviction on (1) was to repair the omission to make the statutory recommendation against deportation, and concluded that because of this the recommendation made in (2) was ineffective. It further concluded that (3) and (4) did not arise out of a single scheme of criminal misconduct. Accordingly, the decision of the special inquiry officer was reversed and the alien was ordered deported to Poland.

In this court petitioner for the first time argues that a sentence entered on a plea of *non vult* is not a conviction for deportation purposes. Similarly, he contends that he was never convicted within the meaning of the statute because he was sentenced to confinement at the New Jersey State Reformatory. His failure to present these contentions before the Board would ordinarily preclude him from raising them at this juncture. 8 U.S.C.A. § 1105a(a) (4); Yee Si v. Boyd, 243 F.2d 203, 207 (C.A.9, 1957); cf. United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 73 S.Ct. 67, 97 L. Ed. 54 (1952). However, because we hold that he is not deportable on other grounds, we will assume, *arguendo*, that he was convicted for the purposes of the immigration law.

█ Petitioner's more fundamental contentions are that the conviction under (2) cannot be used as a foundation for deportation, and that respondent failed

---

1. According to Black's Law Dictionary (Fourth Edition), *non vult* is a variation of the form *nolo contendere*.

2. "1251. Deportable aliens—General classes

*   *   *   *   *

"Nonapplicability of subsection (a) (4)

"(b) The provisions of subsection (a) (4) of this section respecting the deportation of an alien convicted of a crime or crimes shall not apply * * * (2) if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter. * * * *" 8 U.S.C.A. § 1251(b).

to sustain its burden to establish that (3) and (4) did not arise out of a single scheme of criminal misconduct. We agree.

Respondent concedes that a recommendation against deportation made in conformity with the statute at the time of first imposing sentence precludes the use of the conviction in a deportation proceeding. It urges, however, that if a judgment of conviction is vacated for the purpose of avoiding deportation, a subsequent recommendation is ineffectual. This argument misses the mark, for no contention is made that the state court either exceeded its jurisdiction or abused its discretion in vacating the plea of *non vult* together with the judgment of conviction, and subsequently dismissing the indictment. Thus, the action of the state court is concededly valid. That being so, the original judgment is as much a nullity as if the grand jury had never returned an indictment. Obviously, Congress by the use of the phrase "at the time of first imposing judgment or passing sentence" was referring to a valid sentence. Here, the first valid sentence for the robbery committed on February 13, 1959, was imposed on March 30, 1961. At that time a recommendation against deportation was made after prior notice had been given to the respondent which opposed it. Hence, that conviction cannot be used as a basis for deportation.

Further support for our conclusion is found in Giammario v. Hurney, 311 F. 2d 285 (C.A.3, 1962). We there held that a judgment of conviction precludes us from considering anew the issue of an alien's guilt. The same considerations of policy and the orderly administration of justice which underlie that holding apply here with equal cogency to an attack upon an admittedly valid order vacating a judgment of conviction.

Respondent places great reliance upon United States ex rel. Piperkoff v. Esperdy, 267 F.2d 72 (C.A.2, 1959). Insofar as that case holds that the time of first imposing judgment or passing sentence was not the time of the original sentencing but that of the first *coram nobis* proceeding vacating the original conviction, it would appear to support our conclusion. Moreover, as pointed out by the special inquiry officer, there is a basic and controlling distinction between that case and what occurred here. In the former, there was a new trial in the same cause after the original judgment was vacated. In the instant case, the original judgment of conviction was vacated. Thereafter, the state, in its discretion, filed a new accusation, and the original indictment was dismissed. Although the factual basis for the accusation was the same as for the original indictment, it nonetheless gave rise to a new, separate and distinct criminal proceeding.[3]

The sole question remaining is whether there is reasonable, substantial, and probative evidence to support the Board's conclusion that (3) and (4) did not arise out of a single scheme of criminal misconduct. 8 U.S.C.A. §§ 1105a (a) (4), 1252(b) (4). Of course, any doubt in the interpretation of the statute must be resolved in favor of the alien because of the drastic consequences of deportation. Barber v. Gonzales, 347 U. S. 637, 642 (1954); Fong Haw Tan v. Phelan, 333 U.S. 6, 68 S.Ct. 374, 92 L. Ed. 433 (1948); Holzapfel v. Wyrsch, 259 F.2d 890, 893 (C.A.3, 1958). Additionally, we note that it is just as much the burden of the respondent to establish that the two crimes did not arise out of a single course of criminal misconduct as it is to prove that the alien was convicted of two crimes. Wood v. Hoy, 266 F.2d 825, 831 (C.A.9, 1959). We think that

---

3. Respondent also cites United States ex rel. Klonis v. Davis, 13 F.2d 630 (C.A. 2, 1926); Ex parte Eng., 77 F.Supp. 74 (N.D.Cal., 1948); United States v. Esposito, 67 F.Supp. 770 (E.D.N.Y., 1946); and United States ex rel. Arcara v. Flynn, 11 F.2d 899 (W.D.N.Y., 1926).

These cases are clearly inapposite. In none of them was the original judgment of conviction vacated. Rather, each involved a belated attempt to obtain a recommendation against deportation long after the original judgment.

on the record before us there is a lack of substantial evidence to support the Board's conclusion.

 Petitioner did not testify on this point, and the only evidence introduced by the respondent was the record of convictions, including the indictments. These reveal convictions, as heretofore indicated, of the receipt of a stolen motor vehicle on July 17, 1958, and the theft of another vehicle belonging to a different person on the following day, July 18, 1958. Both offenses were committed in Bayonne, New Jersey. The Board, citing, inter alia, Wood v. Hoy, supra, held that the inference to be drawn from different crimes committed at different times against different persons is that they were separate and distinct unless there is evidence to the contrary. Conceding the validity of this proposition, we think its application to the facts of this case compels the opposite conclusion. The crimes for which petitioner was convicted are of the same nature and were committed within an interval of, at the very most, a day. In these circumstances, what was stated in Wood v. Hoy, 266 F.2d at 831, is fully applicable to the instant case:

> "It may be that in some cases the proof of the commission of two crimes may by the very nature of the crimes themselves, or the time or circumstances of their commission, be reasonable, substantial and probative evidence that they did not arise out of a single scheme of criminal misconduct. We do not say that that is not possible. However, that is not this case. * * *"

Indeed, in that case there was a three-day interval between the commission of the two offenses. For all we know from the record before us these crimes may have been perpetrated within a few minutes of each other. The test of substantial evidence is not met by evidence which gives equal support to inconsistent inferences. N. L. R. B. v. Shen-Valley Meat Packers, Inc., 211 F.2d 289, 293 (C.A.4, 1954); Zito v. Moutal, 174 F. Supp. 531 (N.D.Ill., 1959). The burden was upon the respondent to prove that the two critical acts were not part of "a single scheme of criminal misconduct." It has not met this burden.

The order of the Board will be reversed and the cause remanded with directions to terminate the deportation proceedings.