# In re Miguel Ignacio RODRIGUEZ-RUIZ, Respondent

## File A74 726 833 - Batavia

*Decided as amended November 8, 2000*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A conviction that has been vacated pursuant to Article 440 of the New York Criminal Procedure Law does not constitute a conviction for immigration purposes within the meaning of section 101(a)(48)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(48)(A) (Supp. IV 1998). *Matter of Roldan*, 22 I&N Dec. 512 (BIA 1999), distinguished.

William H. Berger, Esquire, Buffalo, New York, for respondent

Denise C. Hochul, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board Panel: DUNNE, Vice Chairman; HOLMES and GUENDELSBERGER, Board Members.

GUENDELSBERGER, Board Member:

In a decision dated November 10, 1999, an Immigration Judge denied the respondent's motion to terminate proceedings, found him removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (Supp. IV 1998), as an alien convicted of an aggravated felony, and denied his applications for relief from removal. The respondent has appealed from that decision.[2] The appeal will be sustained, and the removal proceedings will be terminated.

The respondent, a native and citizen of Mexico, was paroled into the United States on January 26, 1996, and became a lawful permanent resident

---

[1]On our own motion, we amend the orders of June 22, 2000, and September 22, 2000, in this case. The amended orders make editorial changes consistent with our designation of the case as a precedent and add footnote 3.

[2]By correspondence dated June 2, 2000, the respondent withdrew his request for oral argument.

on May 14, 1996. On March 24, 1999, he pled guilty to sexual abuse in the third degree, in violation of section 130.55 of the New York Penal Law, for which he received a 1-year probationary sentence. On August 12, 1999, the Immigration and Naturalization Service issued a Notice to Appear (Form I-862) charging that the respondent is removable as an aggravated felon. On October 1, 1999, the Sweden Town Court, which is the authority that accepted the respondent's guilty plea, explicitly vacated his conviction pursuant to Article 440 of the New York Criminal Procedure Law. The New York court's order vacating the conviction and sentence stated as follows:

> [I]t is ORDERED, that pursuant to CPL 440, the judgment had in this Court on March 24, 1999 based upon a plea colloquy dated February 5, 1999 convicting said Defendant of the crime of Sexual Abuse 3rd and the sentence of one (1) year probation are in all respects vacated, on the legal merits, as if said conviction had never occurred and the matter is restored to the docket for further proceedings.

The parties agree that the determinative issue in this case is whether the respondent's conviction, having been vacated, constitutes a "conviction" as defined in section 101(a)(48)(A) of the Act, 8 U.S.C. § 1101(a)(48)(A) (Supp. IV 1998), and in accordance with *Matter of Roldan*, 22 I&N Dec. 512 (BIA 1999).[3] The respondent argues that removal proceedings should be terminated because the explicit language of the state court judgment vacated his conviction, and therefore the charge of removability based on that conviction cannot be sustained. The Service contends that, because the conviction was vacated for purposes of avoiding removal, and not for reasons relating to a constitutional or legal defect in the criminal proceedings, the respondent's conviction remains a "conviction" under the Act, for which he should be found removable as charged.

Despite the Service's arguments on appeal, we find that the order of the New York court does not constitute a state action which purports to expunge, dismiss, cancel, vacate, discharge, or otherwise remove a guilty plea or other record of guilt or conviction by operation of a state rehabilitative statute. *See Matter of Roldan*, *supra*. The New York criminal law provision under which the respondent's conviction was vacated is neither an expungement statute nor a rehabilitative statute.

The Service urges us to go behind the state court judgment and question whether the New York court acted in accordance with its own state law

---

[3]We note that the United States Court of Appeals for the Ninth Circuit recently vacated our decision in *Matter of Roldan*, *supra*. *See Lujan-Armendariz v. INS*, 222 F.3d 728 (9th Cir. 2000). However, in its decision the court stated that, in enacting the new statutory definition of a conviction at section 101(a)(48)(A) of the Act, "Congress did not intend that a conviction subsequently overturned on the merits . . . could serve as the basis for deportation." *Id.* at 746-47. Therefore, our decision today is in accord with the Ninth Circuit's opinion.

in the context of these proceedings. We do not find that we are compelled to do so under *United States v. Campbell,* 167 F.3d 94 (2d Cir. 1999), a case involving a conviction that was vacated under Texas law in the context of sentence enhancements under federal law. We will instead accord full faith and credit to this state court judgment. *See* 28 U.S.C. § 1738 (1994) (requiring federal courts to accord full faith and credit to state court judgments).

The criminal conviction upon which the charge of removability is based has been vacated. Because we agree that the state court order vacating the conviction does not constitute a state rehabilitative action under *Matter of Roldan*, *supra*, there is no current basis to find the respondent removable as charged. Accordingly, the appeal will be sustained, and the removal proceedings will be terminated.

**ORDER:** The appeal is sustained, and the removal proceedings are terminated.