

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2004

# Myers v. BICE

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4470

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Myers v. BICE" (2004). *2004 Decisions*. Paper 235.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/235

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-4470
_____

DESMOND RANDOLPH MYERS,

Appellant

v.

CALVIN McCORMICK, Acting Interim Director Bureau of Immigration and
Customs Enforcement; BILL RILEY, Interim Director Bureau of Immigration
and Customs Enforcement

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 03-cv-01147)
District Judge: Honorable Malcolm Muir

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 7, 2004

BEFORE: SLOVITER, VAN ANTWERPEN and COWEN, Circuit Judges

(Filed: October 13, 2004)
_____

OPINION
_____

VAN ANTWERPEN, Circuit Judge

Desmond Myers, a native of Sierra Leone and permanent resident of the United

States, challenges the order of the District Court denying his petition for habeas corpus

and attempts as well to challenge the Board of Immigration Appeals' (BIA) denial of his motion to reopen proceedings based on a vacated conviction. Although we have jurisdiction under 28 U.S.C. § 1291 to review the rulings of the District Court, we lack jurisdiction to review the actions of the BIA due to the express provisions of 8 U.S.C. § 1252 (a)(2)(C). See also Drakes v. Zimski, 240 F.3d. 246, 247 (3d. Cir. 2001).[1] Furthermore, even if our jurisdiction was not barred by the language of § 1252 (a)(2)(C), we would still lack jurisdiction because no formal petition for review was filed with this Court.[2] We therefore deem this appeal to relate solely to the rulings of the District Court and affirm the District Court's denial of habeas relief.

I.      Background

As we write only for the parties, we provide only a short summary of the facts. Myers entered the United States in 1978. He has since been convicted of three crimes in

_____

[1]Although 8 U.S.C. § 1252 (a)(2)(C) expressly divests this Court of jurisdiction to review orders of removal against aliens convicted of specified criminal offenses, it should be noted that the same provision does not bar jurisdiction pursuant to the habeas statute, and the District Court thus had jurisdiction over Appellant's habeas corpus petition. INS v. St. Cyr., 533 U.S. 289, 312-13 (2001); Liang v. INS, 206 F.3d 308, 317 (3d Cir. 2000).

[2]On November 17, 2003, Appellant filed a timely Notice of Appeal. The Notice of Appeal made no mention of the BIA or its rulings and stated only that Appellant "appeals from a final Order dismissing his Section 2241 Petition for Writ of Habeas Corpus that was signed on October 16, 2003." This obviously relates only to the Order entered by the District Court. Even if Appellant had also filed a Petition for Review, it would have been untimely under 8 U.S.C. § 1252 (b)(1) because the BIA denied reopening on June 20, 2003. Since no timely Petition for Review was filed, we would lack jurisdiction to directly review the actions of the BIA. Issues of jurisdiction may be raised at any time notwithstanding the failure of the government to raise this issue. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

state courts: a 1997 theft in Maryland, a 1998 possession of PCP in West Virginia, and, most significantly, a 1992 possession of cocaine in Maryland. On April 26, 2001, the then Immigration and Naturalization Service (INS) detained Myers, who was attempting to re-enter the United States from Jamaica, and initiated removal proceedings against him based on his conviction of a crime of moral turpitude (1997 theft conviction) and a controlled substance offense (1992 possession of cocaine conviction).

While the INS proceedings were pending, Myers was granted post-conviction relief regarding his 1997 theft conviction. The INS then withdrew its original findings, but continued to proceed based on the serious nature of the drug offenses. On February 21, 2002, the INS denied Myers' request for protection under the United Nations Convention Against Torture (CAT), and ordered that he be deported. On July 19, 2002, the BIA affirmed that decision.

Subsequently, on April 29, 2003, in an order that expressly stated that the court had "considered the likelihood that [Myers] would be executed if deported," a Maryland judge vacated Myers' guilty plea to the 1992 cocaine possession charge. Myers then attempted, unsuccessfully, to reopen the INS proceedings. On October 16, 2003, the District Court denied his petition for habeas corpus.

II.    Analysis

Myers challenges the rulings of the District Court, claiming that it erred by ordering deportation based on a vacated conviction, not finding exceptional circumstances warranting reopening the INS proceedings, and failing to provide a bond

hearing.[3] Our review of the District Court's legal findings, and specifically whether

Myers' 1992 vacated conviction satisfies Section 101(a)(48)(A) of the Immigration and

Naturalization Act (INA), is plenary. Acosta v. Ashcroft, 341 F.3d 218, 222 (3d Cir.

2003).

Under the INA, a conviction can be "a formal judgment of guilt", but it can, in

relevant part, also be one where "adjudication of guilt has been withheld . . . the alien has

entered a plea of guilty . . . and the judge has ordered some form of punishment . . . ."

INA § 101(a)(48)(A); 8 U.S.C. § 1101(a)(48)(A). Myers does not dispute that the events

involving his conviction for cocaine possession satisfy the plain meaning of this

definition. Rather, he would like us to ignore this fact, disregard the controlling case

here, Acosta v. Ashcroft, 341 F.3d 218 (3d Cir. 2003), requiring that we apply the plain

meaning of the statute, and find that a conviction vacated expressly for immigration

---

[3] We will refrain from addressing all but Myers' argument regarding the vacated
conviction, as he failed to raise the other issues before the lower court. However, we note
that had those arguments been properly raised below, we would reject them on appeal
here. Beyond the vacated conviction, which we address in the text of this opinion, Myers
advances no grounds for finding exceptional circumstances, and, having not requested
such relief earlier, Myers failed to exhaust administrative remedies with respect to his
Section 212(c) claim. Finally, as an alien seeking admission into the United States and
found ineligible under Section 212(a)(2)(A)(i) of the INA, thus requiring that he be taken
into custody pursuant to Section 236(c)(1)(A), Myers does not retain the same
constitutional privileges as one who had received entry, and likely was not entitled to a
bond hearing. See Leng May Ma v. Barber, 357 U.S. 185,187 (1958) (noting the
"carefully preserved" distinction in the INA between aliens like Myers seeking admission
and deported pursuant to Chapter 4, and aliens already in the country and deported
according to Chapter 5); see also Zadvydas v. Davis, 533 U.S. 678, 693 (2001)
(recognizing the same distinction and that aliens seeking entry do not have the same
constitutional privileges as aliens already in the country).

purposes, and not on the merits, should not be counted towards his deportation.

Agreeing with a number of other circuits that have adopted the plain meaning of the definition of "conviction" under the INA, in Acosta, we rejected a narrow interpretation of Section 101(a)(48)(A) and applied the plain meaning of the section. See id. at 226. That Acosta involved a plea of nolo entendre and charges that were ultimately dismissed under a state rehabilitative statute is of no consequence, especially in light of the deference we pay to the BIA's interpretation of Section 101(a)(48)(A)[4] as set out in In re Christopher Pickering. 23 I. & N. Dec. 621, 624 (BIA 2003). There, the BIA found Section 101(a)(48)(A) to include convictions vacated "for reasons unrelated to the merits of the underlying criminal proceedings." Id. (upon review of several federal and BIA holdings that vacated convictions counted for purposes of deportation).

The Pickering decision leaves no room for doubt that Myers' conviction satisfies the applicable definition for "conviction," as it drew a clear distinction between convictions vacated based on some defect in the underlying proceedings, which are excluded from Section 101(a)(48)(A), and convictions like Myers', "vacated because of post-conviction events, such as . . . immigration hardships." Id.

Myers does not dispute that the original order vacating the conviction was based solely on an immigration hardship. As such, the 1992 conviction for possession of cocaine constitutes a conviction, as defined by Section 101(a)(48)(A), that can be counted

---

[4] Acosta, 341 F.3d at 222 ("The BIA's interpretation of the INA is [] subject to established principles of deference.").

5

towards deportation under the INA. Myers points to an amended order issued by the state judge. That the amended order from the state court did not expressly refer to deportation or any other specific grounds for its ruling is of no consequence because the original order made clear that the court's grounds for vacating the conviction were not based on the merits, but rather was an attempt to prevent Myers' deportation.[5] We view the amended order as suspect and we agree with Appellees that the absence of any discussion of reasoning or rationale in the amended order, the sole purpose of which was to clarify the prior order, indicates no change in the court's motivation for vacating the conviction.

Finally, we disagree with Myers that either <u>Matter of Rodriguez-Ruiz</u>, 221 I. & N. Dec. 1378 (BIA 2000), or <u>Sawkow v. INS</u>, 314 F.2d 34 (3d Cir. 1963), is controlling, or even instructive, as neither case involves statutory interpretation of Section 101(a)(48)(A). Furthermore, <u>Rodriguez-Ruiz</u> is distinguishable because it involved a request that the BIA inquire as to whether the state court had followed its own laws. Neither the District Court nor the BIA made such an inquiry or request with respect to the Maryland state court rulings, and our 1963 decision in <u>Sawkow</u> was handed down decades before Congress promulgated Section 101 of the INA in 1996.

Based on the plain meaning of the statute and the deference we pay to the BIA's interpretation of its own terms, we hold that Myers' 1992 conviction for cocaine

---

[5] We do not interpret the final statement in the amended order, which scheduled the case for trial, as constituting a meritorious vacation of the conviction because the court provides no basis for such an interpretation.

possession, which was later vacated in an effort to circumvent immigration laws and prevent his deportation, constitutes a conviction under the Section 101(a)(48)(A) of the INA, which can be counted towards deportation. Thus, the District Court did not err in denying Myers' habeas petition.

III. Conclusion

For the foregoing reasons, we affirm the District Court.