NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0636n.06

No. 09-4521

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Aug 29, 2011*

LEONARD GREEN, Clerk

JOSE LISBOA,

        Petitioner-Appellant,

        v.

ERIC H. HOLDER, Jr.
Attorney General,

        Respondent-Appellee.

On Petition for Review of an Order of the
Board of Immigration Appeals

**O P I N I O N**

Before:  COLE and ROGERS, Circuit Judges; and SARGUS, District Judge.[*]

**SARGUS, District Judge.**  This case involves an appeal from a decision by the Board of Immigration Appeals ("BIA") overruling an Immigration Court's grant of Petitioner/Appellant Jose Lisboa's motion to reopen removal proceedings.  Because the BIA incorrectly concluded that it lacked jurisdiction to consider Lisboa's claims for relief, we vacate and remand this action to the BIA for further proceedings.

**I.**

Jose Lisboa ("Lisboa") is a citizen of Brazil.  At the age of seven, Lisboa entered the United States with his parents, and became a Lawful Permanent Resident of the United States.  In 1994, he married Kimberly Klimlzak, a United States citizen, with whom he has one daughter.

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

A few years after the birth of their daughter, Lisboa and Kimberly divorced. Following their divorce, Lisboa was criminally charged in state court with conspiracy to commit felonious assault, conspiracy to commit possession of drugs, and possession of criminal tools. Pursuant to a plea agreement, he pleaded guilty to one count of aggravated assault in violation of Ohio Revised Code § 2903.12, and one count of domestic violence in violation of § 2919.25.[1] As a consequence of his plea, Lisboa was sentenced to ten years of community control. He agreed to leave the United States voluntarily within forty-five days and not to seek reentry for at least ten years. Before he could voluntarily depart, however, Lisboa was arrested and placed in removal proceedings.

An Immigration Court found Lisboa removable on the basis of his criminal convictions and entered an order of removal.[2] Lisboa appealed that order to the BIA but later withdrew his appeal, submitted to removal, and departed the United States.

After his removal, Lisboa filed a motion for a new trial in his state criminal case. In that motion, Lisboa argued, among other contentions, that he did not enter into a knowing and voluntary plea because he thought that he could prevent deportation and that he was denied effective assistance of counsel because his attorney failed to advise him that he could be deported.[3] He also filed a collateral attack in the state trial court, challenging his convictions.[4] Like his motion for a new trial, Lisboa's collateral attack contended that he received ineffective assistance of counsel regarding the plea agreement and removal. After an oral hearing, the state trial court denied both motions. Lisboa

---

[1] Lisboa entered his plea agreement on September 24, 2004.

[2] Removal was effected pursuant to INA § 237(a)(2)(A)(ii), codified at 8 U.S.C. § 1227(a)(2)(A)(ii), which authorizes removal for conviction of a crime of moral turpitude, and INA § 237(a)(2)(E)(i), codified at 8 U.S.C. § 1227(a)(2)(E)(i), which authorizes removal for conviction of a crime of domestic violence, stalking or child abuse.

[3] The motion for new trial was filed on April 21, 2006.

[4] Lisboa filed his petition for post-conviction relief on September 5, 2006.

then appealed to the Ohio Court of Appeals in Cuyahoga County. Before that court, Lisboa asserted the following assignments of error:

> I. Appellant was denied his right to due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

> II. Appellant was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution; and Article I, Section 10 of the Ohio Constitution.

> III. The trial court erred in failing to grant Appellant's motion for new trial.

The state court of appeals did not reach Lisboa's claims of asserted error but instead determined that the sentence imposed exceeded the statutory maximum. Because the plea served as consideration for the sentence to which Lisboa agreed, the court vacated both the sentence and the underlying plea.

Within fifty-five days of that decision,[5] Lisboa filed a motion in the Immigration Court to reopen his removal proceedings on the ground that the convictions serving as the basis for his removal had been vacated. Lisboa argued that the Immigration Court had the authority to reopen removal proceedings despite Lisboa's post-removal departure because the statutory provisions of the INA give an alien the right to file one motion to reopen irrespective of the alien's presence in the United States. *See* INA § 240(c)(7)(A), codified at 8 U.S.C. § 1229a(c)(7).[6] In Lisboa's view, the regulation barring the filing of post-departure motions to reopen, 8 C.F.R. § 1003.2(d), was

---

[5] The Ohio Court of Appeals entered its order vacating Lisboa's convictions on February 14, 2008. Lisboa filed his motion to reopen with the Immigration Court on April 10, 2008.

[6] Section 1229a(c)(7) governs motions to reopen and provides that, with exceptions that do not apply to this case, "An alien may file one motion to reopen proceedings under this section." 8 U.S.C. § 1229a(c)(7)(A). Section 1229a(c)(7)(B) prescribes the content of such motions: "The motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." Section 1229a(c)(7)(C) sets the time limit for the filing of a motion to reopen. It provides that, with exceptions that do not apply to this case, "the motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C).

invalid because it conflicted with clear statutory language permitting each alien subject to a removal

order to file one motion to reopen without differentiating between an alien who is physically present

in the United States and one who is abroad.[7]  In support of his position, Lisboa cited *William v.*

*Gonzales*, 499 F.3d 329 (4th Cir. 2007), a case from the United States Court of Appeals for the

Fourth Circuit, which held the post-departure bar invalid as contrary to the statutory language.[8]

Lisboa then argued that the Immigration Court had authority to reopen the proceedings "at any time"

pursuant to its regulatory *sua sponte* authority.  *See* 8 C.F.R. § 1003.23(b).[9]  The argument here

appears to be that the authority to reopen "at any time" encompasses motions filed by aliens whose

removal from the United States has been effected.  The government did not file a responsive brief.[10]

The Immigration Court granted Lisboa's motion to reopen, terminated the charges of removability

against Lisboa, and granted Lisboa's motion to vacate the removal order and terminate removal

---

[7]The post-departure bar provides in pertinent part: "A motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States."  8 C.F.R. § 1003.2.

[8]Lisboa did not address the time limitations bar to the statutory motion.  Although at least one court has interpreted *William*'s holding to be based in part upon the determination that the vacatur of the alien's conviction in that case restarted the 90-day period for filing, *see Ovalles v. Holder*, 577 F.3d 288, 295-96 (5th Cir. 2009), Lisboa, for whatever reason, addressed only the post-removal bar, and not the time limitation, as an impediment to his motion.

[9]In relevant part, the regulation governing an immigration judge's sua sponte authority to reopen removal proceedings provides:

> An Immigration Judge may upon his or her own motion at any time . . . reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals. . . . A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion . . . . A motion to reopen or to reconsider shall not be made by or on behalf of a person who is the subject of removal, deportation, or exclusion proceedings subsequent to his or her departure from the United States.

8 C.F.R. § 1003.2(b)(1).

[10]According to the government, the Immigration Court Clerk's Office erroneously informed the government that no motion had been filed.

proceedings. The Immigration Court rejected Lisboa's contention that he was entitled to file a motion to reopen as of right pursuant to 8 U.S.C. § 1229a(c)(7) irrespective of his post-removal absence from the United States.[11] The Immigration Court agreed, however, that it could reopen the matter sua sponte pursuant to 8 C.F.R. § 1003.23(b) if Lisboa demonstrated an "exceptional situation" warranting relief, as required by *In re J-J-*, 21 I. & N. Dec. 976 (B.I.A. 1997). Relying upon prior BIA decisions, the Immigration Court found that the vacatur of Lisboa's convictions constituted exceptional circumstances. In particular, the Immigration Court cited *In re Rodriguez-Ruiz*, 22 I. & N. Dec. 1378 (B.I.A. 2000), for the proposition that courts generally give full faith and credit to state court actions that vacate an alien's criminal conviction, and it cited *In re Adamiak*, 23 I. & N. Dec. 878 (B.I.A. 2006), and *In re Pickering*, 23 I. & N. Dec. 621, 624 (B.I.A. 2003), for the proposition that a state criminal conviction or plea that is vacated because of substantive defects in the underlying proceedings, and not for rehabilitative or immigration purposes, is also vacated for immigration purposes.

The Government appealed to the BIA seeking to overturn the Immigration Court's decision to reopen Lisboa's removal proceedings. The BIA vacated the Immigration Court's decision and reinstated the order of removal. In reaching its decision, the BIA first concluded that the Immigration Court lacked jurisdiction to reopen the removal proceedings because of Lisboa's post-removal departure. In the alternative, the BIA concluded that, even if there was an exception to the departure bar for sua sponte reopenings, the Immigration Court erred in reopening removal

---

[11] The Immigration Court determined that *William* was inapplicable because Lisboa's case is subject to Sixth Circuit precedent, not the precedent of the Fourth Circuit (which governed the *William* petitioner's case). (A.R. 323.) The Immigration Court also stated that *William* was distinguishable because Lisboa's motion to reopen was not timely filed after his removal. (A.R. 323.) The Immigration Court did not elaborate on the timeliness issue and appears to have disregarded the timing defect in the *William* petitioner's motion, which was filed approximately two months after the 90-day deadline required by 8 U.S.C. § 1229a(c)(7)(C) and 8 C.F.R. § 1003.2(c)(2). *See William*, 499 F.3d at 331 (noting that the *William* petitioner was removed on July 11, 2005 and the motion to reopen was filed more than five months later, on December 21, 2005).

proceedings because Lisboa's case did not present exceptional circumstances warranting sua sponte reopening. Proceeding pro se, Lisboa filed a motion for reconsideration of the BIA order reinstating the removal order. In that motion, Lisboa asked the BIA to review his case in light of his claim that he received ineffective assistance of counsel in his criminal proceedings.[12]

Immediately after filing his motion for reconsideration, Lisboa filed a petition for review in this Court. The BIA had jurisdiction over this matter pursuant to 8 C.F.R. § 1003.1(b)(3), which confers appellate jurisdiction over decisions of immigration judges in removal proceedings. This Court has jurisdiction under 8 U.S.C. § 1252(a), which vests in the Court of Appeals exclusive jurisdiction to review final orders of removal. Lisboa's petition for review was timely filed in this Court within thirty days of the BIA's order. INA § 242(b), 8 U.S.C. § 1252(b)(1). Venue lies in this Court because the proceedings before the Immigration Judge were completed in Cleveland, Ohio, within this judicial circuit. 8 U.S.C. § 1252(b)(2).

We review for abuse of discretion the BIA's decision to grant or deny a motion to reopen. *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006). The BIA abuses its discretion when the decision to deny the motion "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Id.* (citation and internal quotation marks omitted). Although the overall standard of review is for abuse of discretion, relevant legal issues implicated by the BIA's decision are subject to de novo review. *Id.*

In vacating the Immigration Court's decision and reinstating the order of removal, the BIA first concluded that the Immigration Court lacked jurisdiction to reopen the removal

---

[12]Although Lisboa filed a petition for review in this Court before the BIA issued a decision on the motion for reconsideration, this Court nevertheless has jurisdiction to consider the petition for review. *See Stone v. I.N.S.,* 514 U.S. 386, 398-400 (1995).

proceedings because Lisboa had departed the United States subject to an order of removal. In the BIA's view, the post-departure bar at 8 C.F.R. § 1003.23(b)(1) "prohibited the Immigration Judge from reopening the [alien's] removal proceedings—even sua sponte—after his departure from the United States under a final administrative order of removal." (A.R. 41 (citing *In re Armendarez-Mendez*, 24 I. & N. Dec. 646 (BIA 2008)).) Title 8 of the Code of Federal Regulations, Section 1003.23(b)(1) contains the provision widely referred to as the post-departure bar. This regulatory provision provides in relevant part: "A motion to reopen . . . shall not be made by or on behalf of a person who is the subject of removal, deportation, or exclusion proceedings subsequent to his or her departure from the United States." 8 C.F.R. § 1003.23(b)(1).[13]

The BIA rejected Lisboa's reliance on *William*, 499 F.3d 329, in arguing that the regulatory post-departure bar was contrary to the statute. According to the BIA, its decision in *In re Armendarez-Mendez* had previously considered the same arguments presented in *William* and had rejected them. As of the time of its decision in this case, the BIA observed that this Court had not held contrary to *Armendarez-Mendez*'s position that the post-departure bar was a "'jurisdictional' principle" preventing the agency from reopening removal proceedings for aliens already removed.

This Court recently held in *Pruidze v. Holder*, 632 F.3d 234, 235 (6th Cir. 2011), that the BIA has jurisdiction to consider motions to reopen filed by aliens who have departed the United States subject to an order of removal. *Pruidze* is dispositive of whether the BIA has jurisdiction to consider Lisboa's motion to reopen despite his post-removal departure from the United States. In *Pruidze*, the petitioner was found removable based upon a state court conviction for a controlled-

---

[13] This provision applies to immigration courts. A substantively identical provision applies to the BIA. See 8 C.F.R. § 1003.2(d) ("A motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States.").

substance crime. 632 F.3d at 235. Shortly after he was removed from the United States, the petitioner filed a motion in state court to reopen his criminal proceedings on the ground that he had entered a guilty plea without benefit of counsel. *Id.* The state court set aside the conviction and redocketed the case. *Id.*, at 235. The petitioner timely moved the BIA to reopen his removal proceedings on the ground that the state court had set aside the conviction that formed the basis for his removal.[14] *Id.* The BIA denied the motion. *Id.* Relying on *Armendarez-Mendez*, a BIA decision upon which the Government heavily relies in this action, the BIA held that it lacked jurisdiction to hear the petitioner's motion. *Id.* According to the BIA, the post-removal departure bar at 8 C.F.R. § 1003.2(d) divested the BIA of jurisdiction to consider motions to reopen filed by aliens who are abroad. *Id.*

On review, the *Pruidze* court rejected the proposition that the BIA's post-departure bar erects a jurisdictional barrier to entertaining a motion to reopen by a removed alien located outside the United States. *Id.* According to *Pruidze*, no statutory provision or caselaw supported the BIA's conclusion that it could "contract its power to hear claims that fall plainly within its statutory jurisdiction." *Id.* at 240 (citing *Union Pac. R.R. v. Bhd of Locomotive Eng'rs*, 130 S. Ct. 584 (2009); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510 (2006)).

Although the BIA's decision in this case rested upon its belief that the post-departure bar at 8 C.F.R. § 1003.2(b)(1) divested the Immigration Court of jurisdiction, the regulations use identical language. Thus, in light of *Pruidze*, the BIA's decision in this action must be vacated to the extent that it denied relief based upon an erroneous conclusion that the Immigration Court lacked jurisdiction to consider Lisboa's motion to reopen. This conclusion does not necessarily mean that

---

[14] The timeframe in *Pruidze* was significantly shorter than that in the case before us. The petitioner's removal in *Pruidze* was effected on April 29, 2009. He filed his motion to reopen his criminal proceedings six days later. The state court set aside his conviction on May 12, 2009. On May 29, 2009, the petitioner filed his motion to reopen removal proceedings. *Pruidze*, 632 F.3d at 235.

the departure bar is always an invalid regulation in the context of a decision by the BIA or Immigration Court not to reopen removal proceedings under its sua sponte authority. As *Pruidze* noted:

> Whether the regulation itself –essentially a mandatory claim-processing rule to the effect that the [BIA] categorically will reject motions to reopen filed by aliens who have left the country or will always treat such motions as withdrawn upon the alien's departure—is valid is a different matter, one that has divided the lower courts, *compare Coyt v. Holder*, 593 F.3d 902, 907 (9th Cir. 2010) [(finding § 1003.2(d) inapplicable to involuntary departures)], and *Contreras-Bocanegra v. Holder*, 629 F.3d 1170, 2010 WL 5209228 (10th Cir. 2010), *with William v. Gonzales*, 499 F.3d 329 (4th Cir. 2007) [(invalidating 8 C.F.R. § 1003.2(d) in its entirety)], and one on which this court has taken a partial position, *see Madrigal v. Holder*, 572 F.3d 239 (6th Cir. 2009) (holding that the departure rule does not apply to the involuntary removal of aliens).

*Pruidze*, 632 F.3d at 238. It does mean, however, that the BIA cannot disclaim jurisdiction on the ground that the alien is outside the United States, which is the basis for the BIA's decision here.

The BIA's alternative conclusion was based on the assumption that if the IJ had jurisdiction to reopen, such jurisdiction was limited to sua sponte reopenings. On remand, the BIA must exercise its jurisdiction to determine whether or not to uphold the reopening, whether the reopening is considered to be on Lisboa's motion or sua sponte.

### III. Conclusion

For the foregoing reasons, we vacate the BIA's order and remand for further proceedings.