# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-60331
Summary Calendar

ROBERTO CANCHOLA-VELEZ, also known as Ruben Ayala, also known as Robert Canchola, also known as Roberto Vasquez, also known as Enrique Hernandez

Petitioner

v.

MARK FILIP, Acting  U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A36 758 828

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner Roberto Canchola-Velez petitions this court to review the order of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings.  Canchola-Velez raises two issues for the first time: whether the regulation that prohibits an alien from filing a motion to reopen subsequent to removal is ultra vires because it conflicts with 8 U.S.C. §

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1229a(c)(7)(A) and whether he should be permitted to file the motion because his "exile" entitles him to the same protections given to refugees who seek asylum. Because Canchola-Velez did not raise the two issues in his motion to reopen or in a subsequent motion to reconsider before the BIA, we lack jurisdiction to consider them. See Wang v. Ashcroft, 260 F.3d 448, 451, 452-53 (5th Cir. 2001).

Canchola-Velez also challenges the BIA's determination that it lacked jurisdiction to reopen his removal proceedings. He asserts that his former attorney's ineffectiveness amounted to a denial of due process that justifies reopening the proceedings on equitable grounds. In Navarro-Miranda v. Ashcroft, 330 F.3d 672, 675-76 (5th Cir. 2003), we upheld as reasonable the BIA's interpretation of 8 C.F.R. § 1003.2(d) (formerly found in 8 C.F.R. § 3.2(d)) as removing its jurisdiction to reopen the removal proceedings of a deported alien. We are "bound by Navarro-Miranda under this circuit's strict application of stare decisis." Castillo-Perales v. Mukasey, 2008 WL 4775782, at *2-3 (5th Cir. Nov. 2, 2008)(unpublished). Accordingly, we defer to the BIA's interpretation of § 1003.2(d).

It is not necessary to reach the remaining issue raised by Canchola-Velez, whether his former attorney's ineffectiveness tolled the statute of limitations for filing a motion to reopen. See Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l, 343 F.3d 401, 411 n.6 (5th Cir. 2003).

The petition for review is DENIED.