FILED
United States Court of Appeals
Tenth Circuit

October 28, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDDIE MENDIOLA,

       Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

       Respondent.

No. 08-9565

**ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS**

Kari E. Hong, Portland, Oregon, for Petitioner.

R. Alexander Goring, Office of Immigration Litigation, (Michelle Gorden Latour,
Assistant Director, Office of Immigration Litigation, with him on the briefs)
United States Department of Justice, Washington, D.C., for Respondent.

Before **MURPHY**, **BALDOCK,** and **HARTZ**, Circuit Judges.

**BALDOCK**, Circuit Judge.

Petitioner Eddie Mendiola petitions this Court to review the Board of
Immigration Appeals' (BIA or Board) denial of his second motion to reopen his
removal proceedings. As a threshold matter, Petitioner argues the BIA erred in
holding that 8 C.F.R. § 1003.2(d) proscribed its jurisdiction to entertain his motion

to reopen.  Section 1003.2(d) provides:

> A motion to reopen or a motion to reconsider [before the BIA] shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States.  Any departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion.

See also 8 C.F.R. § 1003.23(b)(1) (containing an identical post-departure bar to motions to reopen or reconsider before an immigration judge).  Petitioner further contends that, in light of his former attorney's alleged ineffectiveness, the BIA erred in declining to equitably toll the time and numerical limits on his motion to reopen his removal proceedings found in 8 C.F.R. § 1003.2(c)(2).  Section 1003.2(c)(2) provides: "[A]n alien may file only one motion to reopen removal proceedings (whether before the Board or the Immigration Judge) and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened."

We have jurisdiction over the petition under 8 U.S.C. § 1252(a)(2)(D), which preserves our power to decide "constitutional claims or questions of law raised upon a petition for review."  The questions Petitioner raises in this petition are purely legal in nature and, therefore, fit comfortably within the confines of § 1252(a)(2)(D).  Our review is de novo.  Lorenzo v. Mukasey, 508 F.3d 1278, 1282 (10th Cir. 2007).  We conclude that we are bound by our recent precedent in Rosillo-Puga v. Holder,

2

580 F.3d 1147 (10th Cir. 2009), and we therefore deny the petition for review.

I.

Petitioner became a lawful permanent resident of the United States in 1989. The Department of Homeland Security (DHS) initiated removal proceedings against him in 2004 based on, among other things, two state convictions for possession of steroids. After an administrative hearing, an immigration judge (IJ) ruled Petitioner removable and ordered him removed to Peru.[1] Petitioner appealed the IJ's decision to the BIA. The BIA affirmed. Petitioner then filed a petition for review with us, which we denied. Mendiola v. Gonzales, 189 Fed. App'x. 810 (10th Cir. 2006) (unpublished). While his petition for review was pending, Petitioner was removed from the United States in March 2005. He returned illegally, however, and was detained on a charge of Reentry after Removal for an Aggravated Felony in violation

---

[1] Aliens convicted of an aggravated felony are removable. 8 U.S.C. § 1227(a)(2)(A)(iii). An "aggravated felony" includes "a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). In turn, a "drug trafficking crime means any felony punishable under the Controlled Substances Act." 18 U.S.C. § 924(c)(2). The Controlled Substances Act categorizes anabolic steroids as a controlled substance. 21 U.S.C. § 218. It also prohibits the possession of a controlled substance, unless validly authorized by a practitioner, and punishes possession of a controlled substance after a prior state drug offense conviction by up to two years in prison. 21 U.S.C. § 844(a). A "drug offense" is "any offense which proscribes the possession, distribution, manufacture, cultivation, sale . . . [of] any substance the possession of which is prohibited under this subchapter." 21 U.S.C § 844(c). The IJ, therefore, concluded Petitioner was removable as an aggravated felon.

of 8 U.S.C. § 1326.[2]

After he returned to the United States illegally and while in federal custody, Petitioner in 2007 filed his first motion to reopen with the BIA. The BIA determined that 8 C.F.R. § 1003.2(d) deprived it of jurisdiction to consider Petitioner's motion to reopen because the regulation prohibits a person who is the subject of removal proceedings from filing a motion to reopen subsequent to his departure from the country. The BIA also noted that his motion, aside from being jurisdictionally barred, was untimely because Petitioner, contrary to § 1003.2(c)(2), filed it well beyond 90 days after the final 2004 administrative order that made him removable. Petitioner in 2007 filed another petition for review in our court. In his opening brief, Petitioner failed to argue that § 1003.2(d) did not apply to him. We, therefore, refused to consider this argument and deemed Petitioner's motion barred. Mendiola v. Mukasey, 280 Fed. App'x. 719, 722 (10th Cir. 2008) (unpublished).

At some point after our denial of Petitioner's second petition for review, he obtained new counsel. New counsel in 2008 filed a second motion to reopen Petitioner's case with the BIA. Petitioner based his second motion to reopen upon his former attorney's ineffectiveness and a California court's reduction of his second steroid possession conviction from a felony to a misdemeanor in 2007. DHS opposed Petitioner's motion. The BIA ultimately denied Petitioner's second motion

---

[2] In August 2008, this charge was dismissed without prejudice on the Government's motion pursuant to Fed. R. Crim. P. 48(a).

4

to reopen, concluding again that Petitioner was "precluded by 8 C.F.R. § 1003.2(d) from reopening proceedings and [it] lack[ed] authority to reopen or reconsider *sua sponte* pursuant to 8 C.F.R. § 1003.2(a)." The BIA also noted that, in any case, Petitioner's motion was, again, untimely and now also numerically barred under § 1003.2(c)(2) because "an alien may only file one motion to reopen removal proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." Petitioner now brings the present petition of review, challenging the BIA's conclusion that it could not properly consider the arguments raised in his second motion to reopen.

## II.

The Attorney General in 1952 first promulgated the regulatory post-departure bar to motions to reopen or reconsider before the BIA and an IJ: "A motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of deportation proceedings subsequent to his departure from the United States." 17 Fed. Reg. 11,469, 11,475 (Dec. 19, 1952) (originally codified at 8 C.F.R. § 6.2); see 8 C.F.R. § 1003.2(d) (containing an identical, current limit on motions to reopen and reconsider exclusion, deportation, or removal proceedings before the BIA); id. § 1003.23(b)(1) (containing an identical, current limit on motions to reopen and reconsider exclusion, deportation, or removal proceedings before an IJ); see also In re Armendarez-Mendez, 24 I. & N. Dec. 646, 648 (BIA 2008) (detailing the

5

history of the post-departure bar to motions to reopen and reconsider). In 1961, Congress placed a similar statutory limit on federal courts: "An order of deportation or of exclusion shall not be reviewed by any court if the alien . . . has departed from the United States after issuance of the order." 8 U.S.C. § 1105a(c) (1962) (repealed). Consequently, for fifty years the BIA has consistently followed this "jurisdictional principle," holding "that reopening is unavailable to any alien who departs the United States after being ordered removed." Armendarez-Mendez, 21 I. & N. Dec. at 648.

Congress, in September 1996, passed significant immigration reform known as the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA). Pub. L. No. 104-208, 110 Stat. 3009; see also Rosillo-Puga, 580 F.3d at 1152. First, Congress "repealed the statutory bar to *judicial* review of deportation orders when the alien had departed the country. . . ." Rosillo-Puga, 580 F.3d at 1152 (emphasis added). Second, Congress incorporated in the IIRIRA the Attorney General's recently promulgated regulatory numerical and time limits on motions to reopen and reconsider before an IJ and the BIA: "An alien may file one motion to reopen proceedings under this section," which must generally be filed "within 90 days of the date of entry of the final administrative order of removal." 8 U.S.C. §§ 1229a(c)(7)(A) and (7)(C)(I). Congress did not, however, include any explicit post-departure bar to judicial review, which had previously existed in the former § 1105a(c), nor any explicit post-departure bar to motions to reopen or reconsider

6

before the BIA and an IJ. Rosillo-Puga, 580 F.3d at 1152. The following year, the Attorney General implemented the IIRIRA by issuing new regulations, which "retained the post-departure bar for motions to reopen before an IJ and the BIA." Id.; see 8 C.F.R. § 1003.2(d); id. § 1003.23(b)(1).

After briefing concluded in this case, we decided Rosillo-Puga. In Rosillo-Puga, the petitioner was removed to Mexico in 2003 pursuant to an IJ's order. Rosillo-Puga, 580 F.3d at 1149. Three years later, Rosillo-Puga filed a motion to reopen his proceedings with the IJ, invoking the immigration court's sua sponte authority under 8 C.F.R. § 1003.23(b)(1). Id. The IJ denied his motion. The BIA affirmed the IJ's denial of Rosillo-Puga's motion to reopen because "8 C.F.R. § 1003.23(b)(1) deprived the immigration court of jurisdiction over motions to reopen or reconsider made by aliens subsequent to their departure from the United States." Id. at 1150. In his petition for review of the BIA's decision, Rosillo-Puga challenged the validity of the regulatory post-departure bar to motions to reopen, arguing it contravenes 8 U.S.C. § 1229a(c)(7), which contains numerical and time limits on motions to reopen. Id. at 1153.

Relying on William v. Gonzales, 499 F.3d 329 (4th Cir. 2007), Rosillo-Puga argued Congress's adoption of 8 U.S.C. § 1229a(c)(7)(A) and (7)(C) rendered the regulatory post-departure bar invalid because it restricts "'the availability of motions to reopen to those aliens who remain in the United States.'" Id (quoting William, 499 F.3d at 334). The majority in William, over a vigorous dissent by Chief Judge

7

Williams, "concluded 'that § 1229a(c)(7)(A) unambiguously provides an alien with the right to file one motion to reopen [within 90 days], regardless of whether he is within or without the country.'" Id. at 1154 (quoting William, 449 F.3d at 332). For this reason, the Fourth Circuit held the regulatory post-departure bar on motions to reopen, "'conflicts with the statute . . . [and] lacks authority and is invalid.'" Id. (quoting William, 449 F.3d at 334).[3]

---

[3] Other circuits have wrestled with the meaning of the regulatory post-departure bar, but the Fourth Circuit is the only other circuit to have addressed whether it conflicts with 8 U.S.C. § 1229a(c)(7). The First Circuit in Pena-Muriel v. Gonzales, 489 F.3d 438 (1st Cir. 2007), evaluated whether Congress's repeal of the statutory post-departure bar to federal judicial review in the IIRIRA evidenced Congress's intent to eliminate the regulatory post-departure bar. Pena-Muriel, 489 F.3d at 441. The court concluded because the regulatory post-departure bar had existed prior to and independently of the statutory post-departure bar, Congress's removal of the statutory post-departure bar in 1996 did not alone "abrogate the Attorney General's authority to continue to enforce the limitations of 8 C.F.R. § 1003.23(b)(1)" (which contains an identical limit on motions to reopen and reconsider before an IJ as § 1003.2(d) does before the BIA). Id. The court then determined that the statute was silent or ambiguous on whether Congress intended the Attorney General to no longer enforce the regulatory post-departure bar and, therefore, deferred to the agency's interpretation of the statute under Chevron. Id. at 441–42. In the end, the First Circuit decided the Attorney General's continued enforcement of the regulatory post-departure bar was a reasonable interpretation of his authority under the statute. Id. at 443. The First Circuit, however, noted in its denial of a motion for rehearing that it did not decide whether the post-departure bar conflicted with 8 U.S.C. § 1229a(c)(7). Pena-Muriel v. Gonzales, 510 F.3d 350, 350 (1st Cir. 2007) (denial of rehearing en banc). A petitioner recently asked the Fifth Circuit in Ovalles v. Holder, 577 F.3d 288 (5th Cir. 2009), to follow the Fourth Circuit in invalidating 8 C.F.R. § 1003.2(d) due to 8 U.S.C. § 1229a(c)(7). The court determined the petitioner's motion to reopen, filed three years after the BIA's final order of removal, was well outside of the 90 day limit those statutory sections placed upon motions to reopen. Ovalles, 577 F.3d at 295. Because the petitioner invoked statutory sections that offered him no relief to invalidate the regulatory post-

(continued...)

8

In Rosillo-Puga, we disagreed with the William majority and, instead, reached the same conclusion as the William dissent.  Employing the Chevron framework for reviewing an agency's construction of the statute it administers, Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984), we first analyzed Congress's statutory language.  Rosillo-Puga, 580 F.3d at 1156–57.  We found that language "simply silent on the issue of whether it meant to repeal the post-departure bars contained in the Attorney General's regulations."  Id. at 1157 (citing Chevron, 467 U.S. at 843) (internal quotations omitted).  Next, we turned to the second prong of the Chevron inquiry—whether the agency's interpretation is "based on a permissible construction of the statute."  Id. (citing Chevron, 467 U.S. at 843) (internal quotations omitted).  Believing "it inconceivable that Congress would repeal the post-departure bar, without doing or even saying anything about the forty-year history of the Attorney General incorporating such a bar in his regulations," we upheld the regulatory post-departure bar as valid under the statutes in question.  Id. We concluded that the regulatory post-departure bar "is a valid exercise of the Attorney General's Congressionally-delegated rulemaking authority, and does not contravene 8 U.S.C. § 1229a(c)(7)(A) or (7)(C)."  Id. at 1156.  In so doing, we rejected the argument, made by Rosillo-Puga and accepted by the Fourth Circuit, that

---

[3](...continued)
departure bar, the Fifth Circuit refused to pass judgment on William's holding. Id. at 296.

9

the statutory language intended to provide all aliens, even those who had departed the United States, the right to file one motion to reopen within 90 days. Id. at 1156–57. We consequently upheld the BIA's conclusion that the regulatory post-departure bar deprives it and an IJ of jurisdiction over motions to reopen filed by aliens who departed the United States subsequent to the completion of their removal proceedings. Id. at 1157–60.[4] Additionally, we upheld as reasonable the BIA's conclusion that the regulatory post-departure bar deprived it and an IJ of their authority to reopen sua sponte a proceeding of an alien who had departed the United States. Id.; see 8 C.F.R. § 1003.2(a) ("The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision."); id. § 1003.23(b)(1) ("An [IJ] may upon his or her own motion at any time . . . reopen or reconsider any case in which he or she has made a decision. . . ."); see also

---

[4] The entire panel in Rosillo-Puga agreed that the post-departure bar, assuming its validity, prohibited motions to reopen filed by or on behalf of those aliens who, like Rosillo-Puga, had departed the country after the conclusion of their removal proceedings. See Rosillo-Puga, 580 F.3d at 1171, n.14 (Lucero, J., dissenting) ("Assuming the challenged portion of § 1003.23(b)(1) is valid, I agree that the regulation applies to Rosillo-Puga. . . ."). The Fifth Circuit has reached the same conclusion. See Ovalles, 577 F.3d at 298 ("We conclude that the post-departure bar on motions to reconsider and to reopen applies and was intended to apply to aliens who depart the country following the termination of their removal proceedings."). In contrast, the Ninth Circuit has concluded the post-departure bar "is phrased in the *present* tense and so by its terms applies only to a person who departs the United States while he or she '*is* the subject of removal . . . proceedings'" and not to a person who departs the United States after the completion of his or her removal proceedings. Lin v. Gonzales, 473 F.3d 979, 982 (9th Cir. 2007) (quoting 8 C.F.R. § 1003.23(b)(1) (emphasis added)).

10

Navarro-Miranda v. Ashcroft, 330 F.3d 672, 676 (5th Cir. 2003) (upholding as reasonable the BIA's interpretation that the post-departure bar removes its jurisdiction, including its sua sponte authority, to reopen the removal proceedings of a deported alien).[5]

---

[5] In Rosillo-Puga, Judge O'Brien issued a concurring opinion, but joined the Court's opinion (per Anderson, J.) in full to avoid leaving this issue unresolved in our circuit. Rosillo-Puga, 580 F.3d at 1161 (O'Brien, J., concurring). Judge O'Brien stated he would have preferred to settle Rosillo-Puga, as the Fifth Circuit had settled Ovalles, by concluding the petitioner's motion to reopen was untimely under the very statutory provisions he invoked to invalidate the regulatory post-departure bar. Id. (O'Brien, J., concurring). Such a holding would have allowed the panel to avoid deciding whether the regulatory post-departure bar contravenes the statutory provisions. Id. (O'Brien, J., concurring).

Judge Lucero issued a dissent, concluding 8 U.S.C. § 1229a(c)(7) "unambiguously guarantee[s] every alien the right to file . . . one motion to reopen removal proceedings, regardless of whether the alien has departed from the United States." Id. at 1162 (Lucero, J., dissenting). For this reason, he would have invalidated the post-departure bar under the first step of Chevron. Id. (Lucero, J., dissenting). Judge Lucero additionally noted that the Supreme Court's decision in Dada v. Mukasey, 128 S.Ct. 2307 (2008), "supports the conclusion that the post-departure bar is inconsistent with" the statute because it "held all aliens have a 'statutory right' to file one motion to reopen" pursuant to § 1229a(c)(7). Id. at 1168 (Lucero, J., dissenting). But assuming the regulatory post-departure bar valid, Judge Lucero went on to address whether the post-departure bar is consistent with the regulatory sua sponte authority of the BIA and an IJ to reopen or reconsider proceedings. Judge Lucero discerned no conflict between those provisions. Id. at 1170 (Lucero, J., dissenting). The regulatory provisions allow an IJ and the BIA to reopen or reconsider a proceeding at any time; whereas, the post-departure bar says nothing about the power of an IJ or the BIA. Id. (Lucero, J., dissenting). "Rather, it provides that '[a] motion to reopen or to reconsider *shall not be made* by a person . . . subsequent to this or her departure from the United States.'" Id. (Lucero, J., dissenting) (quoting 8 C.F.R. § 1003.23(b)(1)). He consequently reasoned, assuming the post-departure bar's validity, that "although an alien may not move for reconsideration or reopening following departure, an IJ [or the BIA] always retains the discretionary authority to sua sponte reopen or reconsider a case." Id. (Lucero,

(continued...)

11

## III.

Prior to oral argument, we asked the parties in this case to be prepared to discuss Rosillo-Puga's application. Petitioner conceded at oral argument that Rosillo-Puga divests the BIA of its sua sponte authority as set forth in 8 C.F.R. § 1003.2(a) to reopen his proceedings because he had departed the United States. As best we can discern, however, Petitioner contends Rosillo-Puga did not extend the post-departure bar's application to motions to reopen filed by aliens pursuant to 8 C.F.R. § 1003.2(c) where the motion alleges ineffective assistance of counsel rising to the level of a due process violation.[6] Petitioner declined our invitation to file supplemental briefing on that question.

In pertinent part, 8 C.F.R. § 1003.2(c)(2) states, except in limited instances

---

[5](...continued)
J., dissenting).

[6] We note, for the sake of clarity, that 8 C.F.R. § 1003.2(c) sets forth the procedural restrictions and requirements for motions to reopen filed by or on behalf of aliens before the BIA. It also details specific exceptions, which are not relevant to this case, to its time and numerical limits on motions to reopen. It does not, however, provide a specific mechanism for challenging removal proceedings on the basis of ineffective assistance of counsel. But the BIA has stated ineffective assistance may constitute "a valid ground for reopening a deportation case in egregious circumstances." In re Lozada, 191 I. & N. Dec. 637, 639 (BIA 1988), aff'd, 857 F.2d 10 (1st Cir. 1988). Although no Sixth Amendment right to counsel exists in deportation proceedings, our precedent establishes that an alien may predicate an ineffective assistance of counsel claim on his Fifth Amendment right to due process. See Osei v. I.N.S., 305 F.3d 1205, 1208 (10th Cir. 2002); Akinwunmi v. I.N.S., 194 F.3d 1340, 1341 n.2 (10th Cir. 1999). To establish a Fifth Amendment violation, an alien must demonstrate not only that his counsel was ineffective, but also that as a result of his counsel's ineffectiveness he was "denied a fundamentally fair proceeding." Tang v. Ashcroft, 354 F.3d 1192, 1196 (10th Cir. 2003).

12

inapplicable here, "an alien may file only one motion to reopen removal proceedings (whether before the Board or the [IJ]) and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." Notably, this mirrors the language in 8 U.S.C. § 1229a(c)(7) that we examined in Rosillo-Puga. We concluded in Rosillo-Puga that Congress's provision for one motion to reopen within 90 days of removal in those statutory subsections does not alter the valid continued operation of the regulatory post-departure bar to motions to reopen. Id. at 1156. We upheld the BIA's interpretation that the regulatory post-departure bar divests it and an IJ of jurisdiction to consider motions to reopen the removal proceedings of deported or departed aliens, even where statute provides an alien may file one motion to reopen within 90 days. Id. Moreover, the entire panel in Rosillo-Puga agreed that, at a minimum, because the post-departure bar states "'[a] motion to reopen or to reconsider shall not be made by . . . a person . . . subsequent to his or her departure from the United States'. . . . an alien may not move for reconsideration or reopening following departure." Id. at 1170 (Lucero, J., dissenting). As § 1003.2(c)(2) details the requirements with which an alien filing a motion to reopen must comply, it seems the entire panel agreed that the post-departure bar applied, at the very least, to subsection (c).[7]

_____

[7] We realize, as discussed above, that the panel disagreed as to the validity of
(continued...)

13

We may not overrule another panel of this court. "We are bound by the precedent of prior panels absent en banc consideration or a superseding contrary decision by the Supreme Court." In re Smith, 10 F.3d 724, 724 (10th Cir. 1993); see also United States v. Edward J., 224 F.3d 1216, 1220 (10th Cir. 2000) (concluding stare decisis prevents one panel from overturning the decision of another panel of this court "barring en banc reconsideration, a superseding contrary Supreme Court decision, or authorization of all currently active judges on the court"). Moreover, the "precedent of prior panels which [we] must follow includes not only the very narrow holdings of those prior cases, but also the reasoning underlying those holdings, particularly when such reasoning articulates a point of law." United States v. Meyers, 200 F.3d 715, 720 (10th Cir. 2000). Stare decisis thus dictates we conclude the BIA correctly determined 8 C.F.R. § 1003.2(d)'s post-departure bar divests it of jurisdiction to review a motion to reopen filed by a removed alien, like Petitioner, even though relevant regulations allow an alien to file one motion to reopen within 90 days.

We are not alone in our approach to Petitioner's arguments. In Canchola-

[7](...continued)
the regulatory post-departure bar in light of 8 U.S.C § 1229a(c)(7) and as to what effect, if any, the regulatory post-departure bar had upon the BIA and an IJ's sua sponte authority to reopen removal proceedings. But we believe it is significant that, as a threshold matter, the entire panel agreed the post-departure bar, if valid, would prevent aliens who have left the country following the completion of their removal, deportation, or exclusion proceedings from filing motions to reopen on their behalf.

Velez v. Filip, 307 Fed. App'x. 871 (5th Cir. 2009) (unpublished), the petitioner had already departed the United States when he filed his motion to reopen with the BIA. In his appeal of the BIA's denial of his motion to reopen, he asserted "that his former attorney's ineffectiveness amounted to a denial of due process that justifies reopening [his] proceedings on equitable grounds." Canchola-Velez, 307 Fed. App'x. at 872. The Fifth Circuit had previously in Navarro-Miranda v. Ashcroft, 330 F.3d 672, 675–76 (5th Cir. 2003), "upheld as reasonable the BIA's interpretation of 8 C.F.R. § 1003.2(d) . . . as removing its jurisdiction to reopen the removal proceedings of a deported alien." Id. The court thus concluded stare decisis required it to defer to the BIA's holding it had no jurisdiction to reopen the petitioner's proceedings and reject his due process claim. Id. Consequently, the Fifth Circuit determined it need not decide whether the ineffectiveness of the petitioner's former attorney tolled the statute of limitations for filing a motion to reopen. Id. Similarly, we are bound by Rosillo-Puga's conclusion the BIA reasonably determined 8 C.F.R. § 1003.2(d) divests it of jurisdiction to entertain motions to reopen removal proceedings of deported or departed aliens. We, therefore, need not reach the issue of whether the BIA should have equitably tolled the time and numerical limits on filing motions to reopen found in 8 C.F.R § 1003.2(c) in light of the alleged ineffectiveness of Petitioner's former attorney.

The petition for review is DENIED.