09-2101-ag
Ullah v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of July, two thousand and ten.

PRESENT: ROGER J. MINER,
         JOSÉ A. CABRANES,
         RICHARD C. WESLEY,
                   *Circuit Judges.*

_____

MOHAMMED JAFAR ULLAH, MAMTAJ BEGUM,
JAHED MOHAMMED JAFARULLAH, FAHAD
MOHAMMED JAFARULLAH, and SHAHEEN AHKTER,

                   *Petitioners,*

          -v.-                                09-2101-ag

ERIC HOLDER, JR., United States Attorney
General, and DEPARTMENT OF HOMELAND
SECURITY,

                   *Respondents.*[*]

_____

---

[*]  The Clerk of the Court is respectfully directed to amend the official caption of this action to conform to the caption listed above.

FOR PETITIONERS:          AMY N. GELL, Gell & Gell, New York,
                          NY.

FOR RESPONDENTS:          ANDREW B. INSEGNA, Trial Attorney,
                          Office of Immigration Litigation
                          (Tony West, Assistant Attorney
                          General; Daniel E. Goldman, Senior
                          Litigation Counsel, Office of
                          Immigration Litigation, *on the
                          brief*), Civil Division, U.S.
                          Department of Justice, Washington,
                          DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioners Mohammed Jafar Ullah, Mamtaj Begum, Jahed Mohammed Jafarullah, Fahad Mohammed Jafarullah, and Shaheen Akhter,[1] natives and citizens of Bangladesh, seek review of the orders of the BIA denying their motion to reopen their removal proceedings. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517

---

[1] Petitioners Mohammed Jafar Ullah and Mamtaj Begum are husband and wife, respectively, and the remaining petitioners are their children.

(2d Cir. 2006). An alien who has been ordered removed may typically file one motion to reopen, but he or she must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), 1229a(c)(7)(C)(i). There is no dispute that, with respect to each petitioner, the motion to reopen that is the subject of this petition was untimely and number-barred. *See id.*; 8 C.F.R. § 1003.2(c)(2). However, seeking to avoid these procedural restrictions, petitioners argued to the BIA that "changed country conditions" in Bangladesh excused them from the time limits on motions to reopen. 8 U.S.C. § 1229a(c)(7)(C)(ii).

In a May 14, 2009 order, the BIA denied the motion as to petitioners Mamtaj Begum, Jahed Mohammed Jafarullah, Fahad Mohammed Jafarullah, and Shaheen Akhter. The agency reasoned that these petitioners had "not adequately demonstrated changed country circumstances in Bangladesh since their last motion in 2008 or even since their removal hearing in 1999 to support their claim that their fears are well-founded or that there is a clear probability of persecution or torture if they are forced to return to Bangladesh." Having reviewed the documentation that petitioners submitted in support of their motion, we

3

conclude that substantial evidence supports the BIA's conclusion that these four petitioners failed to establish changed country conditions in support of their motion to reopen. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). Moreover, a reasonable fact-finder would not be compelled to conclude that the BIA ignored any material evidence that petitioners submitted. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006). Accordingly, with respect to petitioners Mamtaj Begum, Jahed Mohammed Jafarullah, Fahad Mohammed Jafarullah, and Shaheen Akhter, the petition for review is denied.

In a separate May 14, 2009 order, the BIA denied the motion to reopen by Mohammed Jafar Ullah based on the agency's "departure bar" regulation, 8 C.F.R. § 1003.2(d), reasoning that it lacked jurisdiction to consider the motion because Ullah had been removed from the United States. On appeal, Ullah relies on *William v. Gonzales*, 499 F.3d 329 (4th Cir. 2007), to argue that the departure bar regulation "conflicts" with the current provisions of the Immigration and Nationality Act ("INA") relating to motions to reopen removal proceedings, 8 U.S.C. § 1229a(c)(7).[1] We decline

_____

[1] In *In re Armendarez-Mendez*, 24 I. & N. Dec. 646 (BIA 2008), the BIA rejected the interpretation of the INA

4

to address this argument. We do so because, even if we were to resolve the issue in Ullah's favor, a remand to the BIA would be futile. "[O]ur decision to uphold the agency decision or to remand for further proceedings depends on how 'confidently' we can 'predict that the agency would reach the same decision absent the errors that were made.'" *Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008) (quoting *Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006)). Ullah's motion, which was otherwise time- and number-barred, was based on the same legal argument — *i.e.*, "changed country conditions" in Bangladesh, 8 U.S.C. § 1229a(c)(7)(C)(ii) — and similar supporting documentation as the motion filed by the other members of his family. Because we have already concluded that the BIA's denial of

offered by the Fourth Circuit in *William*. *Id.* at 653-60. At least two of our sister circuits have reached a similar conclusion as that reached by the BIA. *See Rosillo-Puga v. Holder*, 580 F.3d 1147, 1153-58 (10th Cir. 2009) (expressly rejecting the analysis of the *William* majority); *Pena-Muriel v. Gonzales*, 489 F.3d 438, 441-43 (1st Cir. 2007) (rejecting the argument that the departure bar regulation was impliedly repealed by the Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104-208, 110 Stat. 3009 (1996)); *see also Mendiola v. Holder*, 585 F.3d 1303, 1310 (10th Cir. 2009) (following *Rosillo-Puga*). *But see Coyt v. Holder*, 593 F.3d 902, 907 (9th Cir. 2010) (holding that the departure bar "cannot apply to cause the withdrawal of an administrative petition filed by a petitioner who has been involuntarily removed").

the motion to reopen as to the other four petitioners was not an abuse of its discretion, we are "confident[]" that the agency would reach the same conclusion as to Ullah if we were to remand and that it would be within its discretion to do so. Accordingly, Ullah's petition is denied.

We have reviewed all of petitioners' arguments and find them to be without merit. Accordingly, the petition for review is **DENIED.**

                                        For the Court
                                        Catherine O'Hagan Wolfe, Clerk

6