FILED
United States Court of Appeals
Tenth Circuit

December 23, 2010

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JESUS CONTRERAS-BOCANEGRA,

Petitioner,

v.

ERIC H. HOLDER, JR., United States Attorney General,

Respondent.

No. 10-9500

---

PETITION FOR REVIEW
FROM THE BOARD OF IMMIGRATION APPEALS

---

Edward L. Carter (Joseph Christopher Keen on the brief), of Keen Law Offices, Orem, Utah, for Petitioner.

Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, Department of Justice, Washington, D.C. (Terri J. Scadron, Assistant Director, Civil Division, Department of Justice, Washington D.C., with him on the brief), for Respondent.

---

Before **BRISCOE**, Chief Judge, **McKAY**, and **HARTZ**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

Petitioner Jesus Contreras-Bocanegra[1] seeks review of the Board of

---

[1] We follow the petitioner's lead in referring to himself simply as Mr.

(continued...)

Immigration Appeals' ("BIA") decision denying his motion to reopen removal proceedings. Unfortunately, his motion was not filed until months after his deportation from the United States. Although we may be sympathetic to Mr. Contreras's plight, we are not persuaded by his attempts to distinguish this case from our recent precedent upholding the post-departure bar as a complete jurisdictional bar against motions to reopen. We therefore deny the petition for review.

## BACKGROUND

Mr. Contreras, a native of Mexico, became a lawful permanent resident in 1989. In 1991, he was convicted of attempted possession of a controlled substance which, upon his reentry into the United States in 2004, subjected him to removal proceedings under the Immigration and Naturalization Act. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II). The Department of Homeland Security began removal proceedings, and, in November 2007, an immigration judge (IJ) entered an order of removal against Mr. Contreras and denied his application for cancellation of removal. The BIA agreed and dismissed his appeal in March 2009. We also agreed and denied his petition for review. *See Contreras-Bocanegra v. Holder*, 376 F. App'x 817, 823 (10th Cir. 2010).

Mr. Contreras was removed from the United States on April 9, 2009, soon

---

[1](...continued)
Contreras, rather than Mr. Contreras-Bocanegra.

after the BIA decision.  In June 2009, he filed a timely motion to reopen in which

he alleged ineffective assistance of counsel in the removal proceeding.  The BIA

dismissed the motion for lack of jurisdiction, stating that, pursuant to 8 C.F.R. §

1003.2(d), it could not reopen removal proceedings once the alien has departed

the United States after the completion of those administrative proceedings.  *See In

re: Jesus Contreras-Bocanegra*, 2009 WL 5252777 (BIA Dec. 11, 2009).  This

appeal followed.

## DISCUSSION

The threshold issue is whether 8 C.F.R. § 1003.2(d) precludes consideration

of a removed alien's motion to reopen when filed within the statutory time limit

of ninety days.  Our review is de novo.  *See Lorenzo v. Mukasey*, 508 F.3d 1278,

1282 (10th Cir. 2007).

In existence since 1952, the post-departure bar prohibits the BIA and IJ

from hearing motions to reopen or reconsider made by aliens who have since been

removed from the country:

> A motion to reopen or a motion to reconsider shall not be made by or
> on behalf of a person who is the subject of exclusion, deportation, or
> removal proceedings subsequent to his or her departure from the
> United States. Any departure from the United States, including the
> deportation or removal of a person who is the subject of exclusion,
> deportation, or removal proceedings, occurring after the filing of a
> motion to reopen or a motion to reconsider, shall constitute a
> withdrawal of such motion.

8 C.F.R. § 1003.2(d).  Mr. Contreras argues that the post-departure bar should not

apply to him because the rule conflicts with the amended Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009 (1996). IIRIRA provides that "[a]n alien may file one motion to reopen proceedings," which "shall be filed within 90 days of the date of entry of a final administrative order of removal," absent specified exceptions. 8 U.S.C. § 1229a(c)(7). Mr. Contreras claims that IIRIRA gives him the statutory right to file one motion to reopen within the ninety-day period, upon which the federal regulation in 8 C.F.R. § 1003.2(d) may not infringe.

Whether the departure bar regulation at issue is valid depends upon application of the *Chevron* framework. *See, e.g.*, *INS v. Aguirre-Aguirre*, 526 U.S. 415, 424 (1999). However, this circuit has already resolved the issue by holding that the post-departure bar "is a valid exercise of the Attorney General's Congressionally-delegated rulemaking authority, and does not contravene 8 U.S.C. § 1229a(c)(6)(A) or (7)(A)." *Rosillo-Puga v. Holder*, 580 F.3d 1147, 1156 (10th Cir. 2009), *cert. denied*, ___ S. Ct. ___, 2010 WL 1872291 (Nov. 1, 2010); *see also Mendiola v. Holder*, 585 F.3d 1303, 1311 (10th Cir. 2009), *cert. denied*, ___ S. Ct. ___, 2010 WL 1922722 (Nov. 1, 2010) ("[W]e are bound by *Rosillo-Puga*'s conclusion the BIA reasonably determined 8 C.F.R. § 1003.2(d) divests it of jurisdiction to entertain motions to reopen removal proceedings of deported or departed aliens.").

Any factual distinction between our *Rosillo-Puga* line of cases and this case

is not relevant to those prior cases' precedential value. Admittedly, *Rosillo-Puga* and *Mendiola* dealt with aliens who filed untimely motions to reopen, and *Mendiola* dealt with an alien on his second petition for review, whereas Mr. Contreras filed a single timely motion to reopen in compliance with 8 U.S.C. § 1229a(c)(7). However, in *Rosillo-Puga* we clearly stated that the timeliness of an alien's motion to reopen is irrelevant to the specific application of the post-departure bar. *See Rosillo-Puga*, 580 F.3d at 1158 (describing the untimely motion to reopen as "an alternative basis for denying Rosillo-Pugo's petition for review"). And while we could have decided *Mendiola* based on untimeliness or excessive filings, we instead resolved the issue based on our prior conclusion that the post-departure bar divests the BIA of jurisdiction to review a motion to reopen filed by a removed alien. *See Mendiola*, 585 F.3d at 1309-10. Ultimately, both *Rosillo-Puga* and *Mendiola* specifically upheld 8 C.F.R. § 1003.2(d) in full recognition of IIRIRA, and once the departure bar rule applies, the substance of Mr. Contreras's claim is irrelevant.

Because Mr. Contreras's case falls within our prior holdings in *Rosillo-Puga* and *Mendiola*, absent an en banc reconsideration or superseding decision by the Supreme Court, we are bound by our precedent. *See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993). Addressing this constraint, Mr. Contreras claims the Supreme Court's recent decision in *Union Pacific Railroad v. Brotherhood of Locomotive Engineers*, ___ U.S. ___, 130 S. Ct. 584 (2009), implicitly overruled

our prior reasoning in *Rosillo-Puga* and *Mendiola*.

In *Union Pacific*, the National Railroad Adjustment Board ("NRAB") had dismissed several employee labor claims "for lack of jurisdiction" where the employees failed to prove they had preceded NRAB arbitration with a settlement conference between designated representatives of the carrier and the employee or union, as required by the Railway Labor Act and the parties' collective bargaining agreement. The NRAB, following its procedural regulations, decided that absent sufficient proof of a pre-arbitration conference, the Board lacked jurisdiction to hear the case. The Court disagreed, stating that Congress controls an agency's jurisdiction, and thus an administrative agency may not limit its own jurisdiction by rule in the face of a congressional jurisdictional mandate to resolve "all disputes between carriers and their employees growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions" simply by labeling a claim-processing rule as "jurisdictional." *Union Pacific*, 130 S. Ct. at 597-98 (internal quotation marks omitted).

Mr. Contreras asserts, similar to the NRAB rule discussed in *Union Pacific*, that 8 C.F.R. § 1003.2(d) serves as an agency-created contraction of the BIA's jurisdiction, and is impermissible under the statutory scheme in IIRIRA which expressly provides an alien with one motion to reopen. We are not convinced, however, that the underlying principle espoused in *Union Pacific* is new to

-6-

Supreme Court jurisprudence, nor that our prior decisions failed to address this particular conflict—where the statutory scheme is ambiguous as to where the case is to be filed—through our *Chevron* analysis in *Rosillo-Puga*. We therefore remain bound by our prior conclusions that an alien's removal from the United States divests the BIA of jurisdiction to hear a motion to reopen.

Because 8 C.F.R. § 1003.2(d) prevents the BIA from entertaining a motion by Mr. Contreras to reopen his removal proceedings, we need not reach the second issue of whether the BIA should have provided a legal remedy for the alleged ineffectiveness of Mr. Contrera's former counsel.

The petition for review is therefore DENIED. Petitioner's motion to proceed in forma pauperis is GRANTED.