FILED
United States Court of Appeals
Tenth Circuit

November 15, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAMADAN NASIR MOHAMED, a/k/a
Mohamed Nasir Ramadan, a/k/a Randan
Nasir,

        Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

        Respondent.

No. 11-9576
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Ramada Nasir Mohamed, a native and citizen of Libya, seeks review of the

Board of Immigration Appeals' (BIA's) decision dismissing his appeal from an

Immigration Judge's (IJ's) order that denied his motion to reopen removal

proceedings. Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Mr. Mohamed was first admitted to the United States in 1975 on a student visa. In 1989 he became a lawful permanent resident. By October 2010, he had garnered seventeen criminal convictions, mostly for theft-related offenses.

Consequently, in November 2010, the Department of Homeland Security (DHS) initiated removal proceedings against him, alleging that he was deportable under 8 U.S.C. § 1227(a)(2)(A)(ii) as an alien convicted of two or more crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. Specifically, in the Notice to Appear, DHS listed Mr. Mohamed's March 2008 conviction for "Theft-under $100," R. at 196, for which he was sentenced to "60 days work release," *id.* at 180, and his October 2010 conviction for shoplifting, for which he was sentenced to "365 days jail time," *id.* at 181.

Mr. Mohamed appeared pro se before an IJ, and did not request relief from removal. Indeed, when the IJ declined to release him on bond, Mr. Mohamed requested deportation. On December 30, 2010, the IJ ordered him removed to Libya. He did not appeal.

On February 11, 2011, Mr. Mohamed, through pro bono counsel, filed a combined motion to reopen and emergency motion for a stay so he could "seek relief through an application for cancellation of removal." *Id.* at 154. He argued that he had filed in state court a motion to withdraw his guilty plea to shoplifting or to reduce his sentence, and that if granted, he would be eligible for cancellation of

removal as he would not be an aggravated felon.[1]  He further argued that his circumstances—a lengthy presence in this country, two adult-citizen children, and depression—"warrant[ed] cancellation as a matter of discretion."  *Id.* at 153.

"[I]n the late afternoon" on February 15, the IJ signed an order granting Mr. Mohamed a stay.  *Id.* at 68.  But the order was not served on DHS until the following morning, *see id.* at 68, 104, apparently after DHS had taken Mr. Mohamed from a detention facility at 7:30 a.m. to the airport, where he boarded a plane, ultimately bound for Libya, *id.* at 100, 145.

On February 25, the IJ denied Mr. Mohamed's motion to reopen for lack of jurisdiction because he had departed the country.  He relied on 8 C.F.R. §§ 1003.23(b) and 1003.2(d), which prohibit IJs and the BIA from hearing motions to reopen made by aliens who have since been deported.  *See Contreras-Bocanegra v. Holder*, 629 F.3d 1170, 1171 (10th Cir. 2010) (*Contreras-Bocanegra I*) (holding that "the post-departure bar is a valid exercise of the Attorney General's Congressionally-delegated rulemaking authority" (internal quotation marks omitted)), *vacated on reh'g by* 678 F.3d 811 (10th Cir. 2012) (en banc) (*Contreras-Bocanegra*

---

[1]      Lawful permanent residents are eligible to seek cancellation of removal if they have (1) "been an alien lawfully admitted for permanent residence for not less than 5 years"; (2) "resided in the United States continuously for 7 years after having been admitted in any status"; and (3) "not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a).  Aggravated felonies include theft offenses "for which the term of imprisonment [is] at least one year."  8 U.S.C. § 1101(a)(43)(G) (footnote omitted).

*II*).  But the IJ commented that without the departure bar, he would have reopened the case because Mr. Mohamed "was pro se during the proceedings and . . . he has many equities in the United States."  *Id.* at 68.

Also on February 25, Mr. Mohamed's counsel filed a supplement to the motion to reopen, stating that "if Mr. Mohamed were still in the U.S. he would . . . have applied for Asylum or Withholding of Removal" given the upheaval in Libya.  *Id.* at 100.  Attached to the supplement was a completed, but unsigned, "I-589, Application for Asylum and for Withholding of Removal."  *Id.* at 118.  The IJ's order did not, however, mention the supplement or the I-589.

Mr. Mohamed administratively appealed through new counsel.  In dismissing the appeal, the BIA listed two alternative grounds.  First, the BIA held that the IJ was correct that he lacked jurisdiction over the motion to reopen based on 8 C.F.R. § 1003.23(b)(1).[2]  Second, the BIA noted that DHS was not advocating the departure-bar's application given that it had "regrettabl[y]" removed Mr. Mohamed after the stay had been granted.  R. at 12 (internal quotation marks omitted).  Thus, the BIA went on to determine that even without the departure bar, "the motion to reopen was clearly subject to denial by the [IJ]" because Mr. Mohamed had not

---

[2]      But the BIA acknowledged that as of the date of its decision, October 31, 2011, rehearing was pending on *Contreras-Bocanegra I*, and that the "departure rule may be altered in the Tenth Circuit."  R. at 12.  Indeed, on rehearing in January 2012, this court invalidated the rule, holding that "Congress intended to provide each noncitizen the right to file one motion to reopen, regardless of whether he remains in or has departed from the United States."  *Contreras-Bocanegra II*, 678 F.3d at 818.

shown he was eligible for the relief he requested—cancellation of removal. *Id.* Specifically, the BIA noted that Mr. Mohamed's shoplifting conviction rendered him an aggravated felon, ineligible for cancelation.

The BIA further addressed Mr. Mohamed's filing of a motion in state court to withdraw his guilty plea or reduce his sentence. It observed that his conviction was intact at the time he sought reopening and "apparently still remains undisturbed," *id.* at 13, and that even if it had been overturned or the sentence reduced, it would be "extremely unlikely" that he would obtain cancellation of removal, which is discretionary, given his numerous other convictions, *id.* at 13 n.2.

Finally, the BIA did not address Mr. Mohamed's asylum and withholding of removal claims that he attempted to advance in the supplement to the motion to reopen. It indicated that those claims were not before the IJ given that (1) the supplement was filed the same day as the IJ's decision, and (2) the IJ did not mention them.

## DISCUSSION

"Because a single member of the BIA decided [the] appeal and issued a brief opinion, we review the BIA's decision as the final agency determination and limit our review to issues specifically addressed therein." *Kechkar v. Gonzales*, 500 F.3d 1080, 1083 (10th Cir. 2007) (internal quotation marks omitted). But we may consider the IJ's decision for a further explanation of the grounds underlying the BIA's decision. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006).

- 5 -

We review the BIA's conclusions of law de novo and its findings of fact for substantial evidence. *See Razkane v. Holder*, 562 F.3d 1283, 1287 (10th Cir. 2009).

Mr. Mohamed focuses on the fact that he was deported after a stay had been granted, and he asserts that the government "should not be allowed to 'benefit' from its unlawful action." Pet.'r Br. at 24. He accuses the BIA of "sweep[ing] ICE's error under the rug," of not demonstrating sufficient regret over his removal, *id.* at 17, and of rehashing the government's arguments, *id.* at 19. Further, he faults the BIA for not addressing "the impact of [his] deportation on his request for . . . persecution-based relief," *id.* at 20, and he claims that the BIA engaged in inappropriate factfinding by concluding that the supplement was not before the IJ when he decided the motion to reopen.

Preliminarily, we disagree with counsel that the record supports a finding of bad faith either by the BIA or by the government. Rather, the record supports the government's position that DHS was unaware when it deported Mr. Mohamed that a stay had been granted, given the timing of the stay order's service and the deportation. At least, there is no evidence to the contrary.[3] Moreover, the BIA rendered its decision based on the legal framework that existed at that time.

---

[3] Although Mr. Mohamed's service of the motion to reopen/emergency motion for stay on DHS would have provided notice that a stay might be forthcoming, it appears that the motion did not reach DHS before the deportation. Specifically, despite the certificate of service's statement that the motion was "placed [sic] . . . to the Office of the District Counsel" on February 10, R. at 155, the priority-mail envelope carrying the motion bears a February 14 mailing date, *see* R. at 145, 147.

*See Contreras-Bocanegra I*, 629 F.3d at 1171 (upholding the post-departure bar); 8 U.S.C. § 1229b(a) (precluding cancellation of removal for aggravated felons); *Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1297 (10th Cir. 2011) ("Pending post-conviction motions or other collateral attacks do not negate the finality of a conviction for immigration purposes unless and until the conviction is overturned.").

Indeed, Mr. Mohamed does not contest either of the BIA's alternative grounds for dismissing his appeal. He has, thus, waived his right to challenge those grounds. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (holding issue waived by appellant's failure to raise it in opening brief).

Finally, there are at least two problems with Mr. Mohamed's contention that the BIA engaged in inappropriate factfinding to conclude that his supplement to the motion to reopen, and its persecution-based claims, were not before the IJ. First, the BIA did not engage in factfinding to conclude that Mr. Mohamed's supplement was not before the IJ when he issued his decision. Rather, the BIA simply reviewed the supplement and the IJ's decision to determine whether the issues that the supplement presented were waived or were preserved for appeal. *Cf. Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1023 (10th Cir. 2007) (upholding the BIA's waiver rule for issues not presented to the IJ). And we agree with the BIA's assessment that the IJ rendered his decision on the motion to reopen before receiving Mr. Mohamed's supplement.

Second, if the BIA did somehow engage in factfinding, Mr. Mohamed has not exhausted that contention by presenting it to the BIA. Thus, we would not consider it. *See Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007) (concluding that allegations of impermissible factfinding by the BIA must first be brought before the BIA in a motion for reconsideration or a motion to reopen).

In short, Mr. Mohamed has failed to provide any argument to justify overturning the BIA's decision.[4]

## CONCLUSION

The petition for review is DENIED. The motion for leave to proceed in forma pauperis is GRANTED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[4] In his reply brief, Mr. Mohamed claims for the first time that his due-process rights were violated when he was removed after the stay was granted. Generally, "we do not consider arguments raised for the first time in a reply brief," and we decline to deviate from that rule here. *Iqbal v. Holder*, 693 F.3d 1189, 1195 n.4 (10th Cir. 2012) (brackets and internal quotation marks omitted).

- 8 -