**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 20, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RAMADAN NASIR MOHAMED,

Plaintiff-Appellant,

v.

JANET NAPOLITANO, Secretary,
U.S. Department of Homeland Security;
JOHN LONGSHORE, Denver Field
Office Director, Immigration and
Customs Enforcement and Removal
Operations,

Defendants-Appellees.

No. 12-1176
(D.C. No. 1:11-CV-01803-WJM-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.

---

Ramadan Nasir Mohamed, a native and citizen of Libya who was removed

from the United States as a criminal alien, appeals from a district court order that

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissed his complaint seeking relief from removal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm, albeit for a different reason than the district court.

## BACKGROUND

In November 2010, the Department of Homeland Security (DHS) began removal proceedings against Mr. Mohamed on the basis that he had been convicted of two or more crimes involving moral turpitude. Mr. Mohamed appeared before an immigration judge (IJ), did not contest removal, and was ordered removed to Libya.

In February 2011, the IJ granted Mr. Mohamed a stay of removal, however, in order to consider his motion to reopen the proceedings to seek cancellation of removal. But the stay order was apparently not served until after DHS had placed Mr. Mohamed on a flight departing the United States. With Mr. Mohamed absent from the United States, the IJ denied the motion to reopen.[1] Mr. Mohamed then appealed to the Board of Immigration Appeals (BIA), and he filed a civil suit in district court seeking to be returned to the United States.

The BIA dismissed the appeal, concluding that even if Mr. Mohamed had not been deported, the motion to reopen lacked merit because one of his convictions was for an aggravated felony, which rendered him ineligible for cancelation of removal. The BIA further held that even without that felony conviction, Mr. Mohamed had numerous other convictions that would have made cancellation of removal unlikely.

---

[1] At the time, an alien's departure from the country barred a motion to reopen. *See Contreras-Bocanegra v. Holder*, 629 F.3d 1170, 1171 (10th Cir. 2010), *vacated on reh'g en banc by* 678 F.3d 811 (10th Cir. 2012).

This court denied Mr. Mohamad's petition for judicial review, concluding that he "ha[d] failed to provide any argument to justify overturning the BIA's decision." *Mohamed v. Holder*, No. 11-9576, 2012 WL 5519737, at \*3 (10th Cir. Nov. 15, 2012).

As for Mr. Mohamad's complaint, he "challeng[ed] the . . . unlawful execution of a removal order . . . while a valid stay of removal was in place," and he sought an order "return[ing] him from Libya so that his motion to reopen removal proceedings [could] be adjudicated on the merits." Aplt. App. at 1. The district court dismissed the complaint for lack of jurisdiction, citing 8 U.S.C. § 1252(g), which bars courts from "hear[ing] any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders."

Mr. Mohamed now appeals from that dismissal.

## DISCUSSION

"[W]e may affirm the district court for any reason that is adequately supported by the record . . . ." *Roe No. 2 v. Ogden*, 253 F.3d 1225, 1233 (10th Cir. 2001). Although there is support for the district court's jurisdictional analysis, *see, e.g.*, *Foster v. Townsley*, 243 F.3d 210 (5th Cir. 2001) (holding that § 1252(g) precluded a civil suit for wrongful removal), we perceive a more fundamental jurisdictional defect.

A federal court may render a decision only when there is a live case or controversy. *See* U.S. Const. art. III, § 2. "The controversy must exist not only at

- 3 -

the time the complaint is filed but at all stages of appellate review." *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1242 (10th Cir. 2011). In the absence of a live case or controversy, an action is moot and beyond the subject-matter jurisdiction of a federal court. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010).

Here, Mr. Mohamed has obtained all the relief he sought in his complaint. Specifically, the BIA addressed his motion to reopen on the merits, notwithstanding the former departure bar, and this court reviewed the BIA's decision, finding no reversible error. Thus, even if Mr. Mohamed were returned to this country, no further action remains to be taken regarding his motion to reopen.

Because Mr. Mohamed's complaint is moot, there is no subject-matter jurisdiction over his civil action. Consequently, we uphold the dismissal of Mr. Mohamed's complaint, but for a different reason than provided by the district court.

## CONCLUSION

The judgment of the district court is AFFIRMED. The motion for leave to proceed in forma pauperis is GRANTED.

Entered for the Court


John C. Porfilio
Senior Circuit Judge